**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-4576**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ANTHONY SAVAGE, a/k/a Mario J.
Racanelli, a/k/a John Anthony Savage, a/k/a
Egisto Grandoni, a/k/a Max Marrache, a/k/a
Greg Masonotti, a/k/a M. John Delano, a/k/a
Robert Toliano, a/k/a Grandoni Egistot, a/k/a
Mark Racanelli, a/k/a John Racanelli,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-9917)

---

Submitted: February 3, 2006      Decided:  March 21, 2006

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

Peter Goldberger, Pamela A. Wilk, Ardmore, Pennsylvania, for
Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick
Auld, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court. We previously affirmed James A. Savage's convictions and sentence for his role in a lengthy conspiracy to defraud investors through bogus investment schemes. United States v. Savage, 390 F.3d 823 (4th Cir. 2004). The Supreme Court vacated our decision and remanded Savage's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Our review of the record discloses that Savage's sentence was enhanced on multiple grounds based on facts not found by the jury or admitted by Savage. Because the verdict involved only an unspecified financial loss, Savage's base offense level is six. See U.S. Sentencing Guidelines Manual § 2F1.1(a) (2001). When combined with Savage's criminal history category of IV, the resulting sentencing range is zero to six months' imprisonment. See USSG Ch. 5, Pt. A, table. The district court's sentence of 250 months far exceeds this range.[*] Accordingly, we conclude, as the

_____

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Savage's sentencing.

- 2 -

Government concedes, that the sentence was imposed in violation of Savage's Sixth Amendment rights.  See Booker, 125 S. Ct. at 756.

We vacate the sentence imposed by the district court and remand for resentencing in accordance with Booker.  Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-Guidelines sentence as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.  We affirm Savage's convictions for the reasons stated in our opinion of December 10, 2004.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART